GUARANTY TRUST CO. OF DETROIT *v.* SHAPERO.

MORTGAGES—FORECLOSURE—RECEIVERS—SURRENDER VALUE OF IN-
SURANCE POLICY.
  Where receiver of mortgaged property paid for insurance for
    three years and added cost thereof to mortgage debt, and, on
    foreclosure, premises sold for full amount due, assignees of
    mortgagors are entitled to surrender value of insurance policy,
    which was not sold with premises.

Appeal from Wayne; Dingeman (Harry J.), J. Submitted October 16, 1931. (Docket No. 134, Calendar No. 35,893.) Decided April 4, 1932.

Foreclosure proceedings by Guaranty Trust Company of Detroit, a Michigan corporation, trustee under a trust mortgage, against Samuel Shapero and another, as assignees. On petition of plaintiff for confirmation of final report as receiver and cross-petition by defendants for accounting for certain insurance premiums. From order for plaintiff, defendants appeal. Reversed.

*Martin, Hunt & Field,* for plaintiff.

*Nelson S. Shapero,* for defendants.

BUTZEL, J. This is an appeal from an order of the circuit court of Wayne county approving the final report of the plaintiff as receiver of mortgaged premises consisting of an apartment and store building in the city of Detroit; and denying the cross-petition of defendants that the receiver be required to pay them the cash surrender value of the insurance policies covering the premises.

The plaintiff, Guaranty Trust Company of Detroit, as trustee for the bondholders, foreclosed the mortgage and bid in the premises at the sale for the full amount due. The sale was confirmed. The right of redemption expired July 15, 1930. No redemption was made. In September, 1929, the trustee took out insurance policies covering the premises for a period of three years. The premiums paid amounted to $2,000.22. This amount was added to the mortgage indebtedness upon foreclosure. It was included in the decree and in the amount of the plaintiff's bid upon the sale. After the title had become absolute in the plaintiff, it sold the premises to the Guaranty Investment Company and assigned the insurance policies to the purchaser. This controversy arises over the claim of the defendants that when the mortgage debt was paid they were entitled to an assignment of the insurance policies or to their cash surrender value. The Guaranty Trust Company was trustee for the bondholders. After foreclosure was begun, it was appointed receiver by the court with directions to turn over to the mortgagors the rents from the premises. As the defendants are in doubt whether they can maintain their claim on the hearing of the receiver's final account, they have begun a suit at law against the trustee. To avoid unnecessary litigation, we will consider the question as though both the receiver and the trustee were before us in one suit.

The premiums paid for the insurance were added to the mortgage debt, and the property sold for an amount sufficient to pay the principal, interest, insurance premiums, etc. There was no deficiency. The insurance was not sold with the premises. After the sale, the receiver still held insurance that had a cash surrender value for an unexpired term of over

two years. The mortgage debt having been paid in full, any residue in the hands of the mortgagee, represented by the receiver, belonged to defendants and appellants as assignees of the mortgagors. It made no difference whether the premiums were paid by the defendants or the receiver. They were repaid by the proceeds from the sale of the property belonging to defendants. This is in accord with *Merrifield* v. *Baker,* 9 Allen (91 Mass.), 29.

The order of the lower court is reversed, with costs to defendants, and the case remanded with instructions to enter an appropriate order in accordance with this opinion. It also should be decisive of the law case, if the question decided herein is the only one raised.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.